UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUBY GIBBONS, ET AL., | ) | CASE NO.5:04CV2018 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| THE BAIR FOUNDATION | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion to Amend Judgment Under Civil Rule 59(e) (ECF Dkt#209). For the following reasons, the Court denies Plaintiff's motion.

Plaintiff asks the Court to modify the judgment in this case to include an award of nominal damages on Plaintiff Gibbons' retaliation claim brought under Title VII of the U.S. Code. Furthermore, Plaintiff seeks to amend the jury award to reflect an award of compensatory damages for Ms. Gibbons on both her federal and state retaliation claims.

On February 8, 2006, the jury found The Bair Foundation ("Bair"), had unlawfully retaliated against Plaintiff Gibbons in violation of federal and state law. The jury awarded

1

Plaintiff Gibbons Forty Thousand Dollars in front pay damages and Twenty-Three Thousand Dollars in back pay damages on her state law claim. In addition, the jury awarded Plaintiff Gibbons Ninety Thousand Dollars in punitive damages on her state retaliation claim. The jury did not award Plaintiff any compensatory damages on her federal retaliation claim. The jury found Plaintiff Gibbons was entitled to reasonable attorney fees under both her federal and state retaliation claims.

Plaintiff contends the amendment of judgment in this case is proper to correct clear errors of law and to prevent manifest injustice. Plaintiff contends she is entitled to nominal damages for her federal retaliation claim as the jury did determine Bair unlawfully retaliated against her in violation of both her federal and state rights. Plaintiff points out that, initially, the jury did not fill out the interrogatories on Gibbons federal retaliation claim and was ordered by the Court to retire to the jury room and fill out the interrogatory on compensatory damages under federal law. Also, the jury instruction for compensatory damages was the same for Plaintiff's state and federal retaliation claims. Therefore, the jury must have erred in granting damages on one claim and failing to award damages on the other.

Defendant contends they have a motion for new trial that moots Plaintiff's Motion. However, if the Court were to rule on Plaintiff's Motion, federal law permits the finding of liability while awarding zero damages as evidenced by the Sixth Circuit's opinion in *Harvey-Williams v. Peters,* Nos. 95-4272, 95-4354, unreported, 1997 U.S. App. Lexis 17735 (6th Cir. July 10, 1997).

## ANALYSIS

### Standard of Review

Federal Rule of Civil Procedure 59(e) states: "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." "The district court has considerable discretion in deciding whether to reopen a case under motions to modify or amend judgment..." *Edward H. Bolin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 371 (6th Cir. 1998). "The district court must grant a motion for reconsideration if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case." *Hansmann v. Fidelity Invs. Inst'l Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). Rule 59(e) motions may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Thomas & Betts Corp. v. Hosea Project Movers, LLC.*, No. 02-2953, unreported 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005), *citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir.1982).

### Award of Nominal Damages

Plaintiff asks this Court to award nominal damages for the jury's finding of liability, even though the jury refused to award compensatory damages on Plaintiff's federal retaliation claim. The Court holds that federal case law does not support Plaintiff's contention that a finding of liability requires an award of nominal damages. The Sixth Circuit in *Harvey-Williams*, upheld

3

the district court's jury verdict of liability on Plaintiff's retaliation claim while simultaneously denying an award of damages. The cases cited by Plaintiff, *Morrison v. Circuit City*, (6th Cir. 2003) 317 F.3d 646, *Beauford v. Sisters of Mercy-Province of Detroit, Inc.* (6th Cir. 1987) 816 F.2d 1104, do not require a jury award nominal damages when liability is found. Finally, this Court finds persuasive the reasoning in *Davis v. Naviera Aznar S.A.*, 37 F.R.D. 223 (D.C. Md. 1965), citing 6 Moore's Federal Practice, 59.12[1], which held, "on a rule 59(e) motion, the court cannot amend the judgment by adding to the damages awarded, since this would be denial of the right to trial by jury."

### Application of Compensatory Damages Equally to Plaintiff's Federal and State Retaliation Claims

Plaintiff contends the jury's exclusion of compensatory damages in her federal retaliation claim evidences clear legal error. Plaintiff has provided no authority that would permit this Court to redistribute the jury's award of damages to plaintiff on her state law claim equally to her federal retaliation claim. While this Court may not fathom the reasoning of the jury in awarding compensatory damages in Plaintiff's state claims while failing to award compensatory damages in her federal claim, this Court will not take the extraordinary step of redistributing the jury's award of damages in the absence of evidence of manifest error or compelling authority.

IT IS SO ORDERED.

07/18/2006        s/Christopher A. Boyko
Date           CHRISTOPHER A. BOYKO
             United States District Judge

4