UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUBY GIBBONS, ET AL., | CASE NO.5:04CV2018 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| THE BAIR FOUNDATION | OPINION AND ORDER |
| Defendant. | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiff's Motion for Prejudgment Interest (ECF Dkt# 211). For the following reasons, the Court denies Plaintiff's Motion.

Plaintiffs contend they are entitled to an award of prejudgment interest, as Defendant's best offer equaled only one quarter of the total jury award to Plaintiff Gibbons. In addition, Plaintiffs claim Defendant failed to fully cooperate in discovery necessitating Court intervention.

### Standard of Review

"In Ohio, an award of prejudgment interest is appropriate under circumstances where a party fails to negotiate a good faith settlement." *Simpson v. Ernest & Young,* 100 F.3d 436 (6th Cir. 1996). Ohio Rev.Code §1343.03(C); *Kalain v. Smith,* (1986) 25 Ohio St.3d 157.

"Where state law claims come before a federal court on supplemental jurisdiction, the award of prejudgment interest rests on state law." *Mills v. River Terminal Railway Co.,* 276 F.3d 222, 228 (6th Cir. 2002), citing to *e.g., Stallworth v. City of Cleveland,* 893 F.2d 830, 834-35 (6th

1

Cir.1990). "A party has made a good-faith effort to settle when it has fully cooperated in discovery proceedings, rationally evaluated its risks and potential liability, not attempted to unnecessarily delay the proceedings, and made a good-faith monetary settlement offer, or responded to one in good faith." *Mills* at 228, citing *Kalain* at 159. The trial court need not conduct a hearing where an award of prejudgment interest appears unlikely. *Werner v. McAbier*, 2000 WL 23108 at *7 (Ohio App. Jan. 13, 2000). The decision not to award prejudgment interest lies within the sound discretion of the court. *Kalain* at 159.

## Analysis

The Court finds Plaintiffs are not entitled to prejudgment interest as a matter of law. The Court was aware of, and presided over, settlement discussions in which Defendant made good faith efforts to settle the case as reflected in the offers made. In fact, Defendant's last offer was approximately Four Thousand Dollars less than the eventual jury award to Plaintiff Thomas on all claims and was within Twenty-Three Thousand Dollars of the compensatory damages awarded Plaintiff Gibbons. The Court also finds Defendant acted in good faith in believing it had reasonable defenses to Plaintiffs' claims.

Finally, the discovery disputes in this case were ultimately resolved, were not without merit, and involved Court intervention on behalf of both parties. Therefore, the Court finds there is no basis for an award of prejudgment interest and the Court denies Plaintiffs' Motion.

IT IS SO ORDERED.

07/18/2006  
Date

s/ Christopher A. Boyko  
CHRISTOPHER A. BOYKO  
United States District Judge