**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUBY GIBBONS, ET AL.,** | ) | **CASE NO.1:04CV2018** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **THE BAIR FOUNDATION** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Plaintiffs' Motion for Permanent Injunction (ECF Dkt# 223). Plaintiffs seek a permanent injunction that:

1. Prohibits the Defendant from forcing its employees to participate in prayer and/or devotions at the workplace;

2. Prohibits the Defendant from considering the religion of any applicant for hire or promotion;

3. Prohibits the Defendant from making any negative comments in regards to Plaintiff Gibbons;

4. Prohibits the Defendant from making any negative comments in regards to Plaintiff Thomas;

5. Orders the Defendant to adjust the termination records of Plaintiff Gibbons. Specifically, the records should read that she was removed without probable cause and as a result of unlawful retaliation;

6. Orders the Defendant to adjust all records of Gibbons and indicate that her performance was better than adequate;

7. Orders the Defendant to give Plaintiff Gibbons a positive letter of reference; and

8. Prohibits the Defendant from advertising itself as an equal opportunity employer.

The Court denies Plaintiffs' Motion as an untimely filed Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e). Such motions must be filed by rule no later than ten days after judgment. Judgment was entered February 8, 2006. Plaintiffs filed their motion March 24, 2006, nearly forty-six days later. Therefore, Plaintiffs' motion is untimely by rule.

Even assuming, *arguendo,* Plaintiffs' Motion for Permanent Injunction is not a Motion to Alter or Amend Judgment as Plaintiff contends, the Court finds that Plaintiffs abandoned the requested injunctive relief since Plaintiffs failed to assert or preserve their request at the time of trial. Plaintiffs have offered no evidence that they specifically requested the injunctive relief, sought in their motion, during the trial. Though Plaintiffs are correct in stating their Complaint requested injunctive relief, the requests were not specific as to the type of injunctive relief sought or what behavior of Defendant they wanted enjoined, prejudicing Defendant's ability to defend such claims. Therefore, the Court finds Plaintiffs abandoned their request for injunctive relief.

Finally, Plaintiffs have failed to establish they are entitled to the injunctive relief sought. To prevail on a Motion for Permanent Injunction movant must establish the following:

1. The plaintiff has prevailed on the merits of its claims;

      2. The plaintiff will suffer irreparable injury if the permanent injunction is not issued; and

      3. The balance of the equities weighs in favor of the entry of the permanent injunction.

*National Interstate Insurance Co. v. Perro,* 934 F. Supp. 883, 889-90 (N.D. 1996).

      Plaintiffs have failed to demonstrate continuing irreparable harm for which there is no legal adequate legal remedy.  Plaintiffs' Motion does not request a hearing, does not introduce evidence, does not cite to trial transcripts, in short, it fails to prove or even offer proof that the damages awarded Plaintiffs are an inadequate remedy.  Furthermore, Plaintiffs have failed to offer proof, other than bare assertions, that they would suffer irreparable harm in the absence of a permanent injunction.  Therefore, Plaintiffs Motion is denied.  However, the Court finds Plaintiffs' Motion is not frivolous and therefore, will not award costs of defending the Motion to Defendant.

      IT IS SO ORDERED.


<u>March 2, 2007</u>                    <u> s/Christopher A. Boyko   </u>
Date                                CHRISTOPHER A. BOYKO
                                      United States District Judge